UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

## JS - 6

| Case No. | CV 08-3516 DSF (AGRx) | Date | 8/4/08 |
|---|---|---|---|
| Title | Mark Fern v. AT Systems West, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Motion for Remand to State Court

Before the Court is Plaintiff's Motion To Remand to State Court.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.   For the following reasons, the Court GRANTS Plaintiff's Motion.

## I.  FACTS

Plaintiff Mark Fern is an employee of AT Systems West, Inc. ("ATS"), a multi-state armored car company engaged in the business of transporting, processing, and warehousing valuables for banks, retail stores, and other businesses.  (Decl. of Mark V. Livingston, Esq. ("Livingston Decl.") ¶¶ 2, 5.)  As of the commencement of Plaintiff's employment, a collective bargaining agreement between ATS and A.T. System of Orange Association ("ATSOA"), a labor union, governed the terms and conditions of his employment.  (Id. ¶ 6.)  On April 1, 2008, a few months after the prior agreement lapsed, ATS and ATSOA entered into another collective bargaining agreement (the "CBA").  (Id. ¶ 7.)  The CBA contains a meal and rest period provision.  (Id. ¶¶ 9-10; CBA Article 6, paragraph (d).)

On April 17, 2008, Plaintiff filed a Class Action Complaint in Los Angeles Superior Court ("Complaint").  Plaintiff represents a class of current and former ATS employees allegedly denied rest and meal periods (or compensation therefor) by ATS.  (Compl. ¶ 15.)  Plaintiff pleaded the following causes of action: (1) Defendant's failure to provide rest periods (or compensation therefor) in violation of state law; (2) Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

failure to provide meal periods (or compensation therefor) in violation of state law; and (3) Defendant's allegedly unlawful, deceptive, and/or unfair business practices in violation of California Business & Professions Code § 17200 et seq. (Id. ¶¶ 22-37.)

On May 29, 2008, Defendant removed the action pursuant to 28 U.S.C. § 1441. On June 27, Plaintiff filed this Motion To Remand.

## II.  LEGAL STANDARD

A defendant is entitled to remove to federal court any civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441. Federal Courts "strictly construe the removal statute against removal jurisdiction. . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. . . . The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

## III.  DISCUSSION

Defendant asserts that this Court has jurisdiction over this action because Plaintiff's claims are subject to § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and the LMRA completely preempts Plaintiff's state claims. (Removal 1:7-10.)

"Federal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint. . . . This rule makes a plaintiff the 'master of his complaint': He may generally avoid federal jurisdiction by pleading solely state-law claims." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (internal citations omitted).

Plaintiff does not mention the CBA at any point in the Complaint, nor does he base any of his claims on the CBA. (See Compl. ¶¶ 1-37.) Rather, Plaintiff alleges claims exclusively predicated on the violation of California statutes and regulations. (Id. ¶¶ 22-37.) Applying the well-pleaded complaint rule, the Court lacks jurisdiction over this action.

"An exception to the general rule exists, however, when the preemptive force of a statute is so strong that it 'completely preempt[s]' an area of state law. . . . In such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully

pleaded. . . . This is because the claim purportedly based on . . . [a] preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Valles, 410 F.3d at 1075 (internal citations and quotation marks omitted; alterations in original).

"The complete preemption exception to the well-pleaded complaint rule is applied primarily under § 301 of the LMRA. . . . That section vests jurisdiction in federal courts over '[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce.' . . . Although the text of § 301 contains only a jurisdictional grant, the Supreme Court has interpreted it to compel the complete preemption of state law claims brought to enforce collective bargaining agreements. . . . In addition, although the language of § 301 is limited to '[s]uits for violation of contracts,' the Supreme Court has expanded § 301 preemption to include cases the resolution of which 'is substantially dependent upon analysis of the terms of [a collective bargaining agreement].'" Id. (internal citations omitted; alterations in original). "[Section] 301 does not preempt a claim alleging state law substantive rights that apply without regard to a CBA and can be resolved without interpreting a CBA." Gregory v. SCIE, LLC, 317 F.3d 1050, 1053 (9th Cir. 2003).

The complete preemption doctrine is inapplicable here. Plaintiff does not assert claims to enforce the CBA or its predecessor agreement. Rather, Plaintiff's claims involve the assertion of state-law rights independent of rights granted under the CBA or its predecessor. Plaintiff's claims also do not substantially depend on analysis of the CBA or its predecessor. Although the Court may need to refer to provisions of the CBA or its predecessor during the course of this litigation, the action primarily involves the application of state laws and the resolution of factual issues on which the CBA and its predecessor appear to have no bearing.

Defendant claims that the CBA includes an express provision governing meal and rest breaks that must be analyzed and interpreted in order to determine whether ATS violated the operative state laws. Defendant has not cited any authority for the proposition that the operative state laws can be waived or otherwise displaced by the provisions of a collective bargaining agreement.

"[Section] 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights conferred on individual employees." Valles, 410 F.3d at 1076. Under California law, the right to meal breaks and rest periods generally cannot be waived by agreement. Cal. Labor Code §§ 219 ("[N]o provision of this article can in any way be contravened or set aside by a private agreement, whether written, oral, or implied."), 226.7 (providing within the same article for meal and rest breaks). The right to overtime compensation also generally cannot be waived by agreement. Cal. Labor Code § 1194 ("Notwithstanding any agreement to work for a lesser wage, any employee receiving less than . . . the legal overtime compensation applicable to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

JS - 6

employee is entitled to recover in a civil action the unpaid balance of the full amount of this . . . overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.")[1]  Plaintiff's claim for violation of the California Business and Professional Code rests on nonnegotiable and nonwaivable state law rights.

Even if the operative state laws could be waived by agreement, "a court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering § 301 preemption."  Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 692 (9th Cir. 2001).[2]

Defendant has not met its burden of establishing that removal is proper.

## IV.  CONCLUSION

For the foregoing reasons, the Plaintiff's Motion To Remand to State Court is GRANTED.  The Court REMANDS this action to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

---

[1] An exception for collective bargaining agreements exists "if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."  Cal. Labor Code § 514.  This exception does not apply because the CBA does not provide premium wage rates for all overtime hours worked.  (See CBA Article 6.)

[2] Section 301 preemption is also inappropriate because Defendant has not identified any disputed provisions of the CBA.  See Gregory, 317 F.3d at 1053 ("[W]hen the meaning of contract terms is not the subject of a dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.")